UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:11-cr-356-T-30EAJ

DERRICK SPANN
_____/

ORDER

This cause comes on for consideration of Defendant's motion styled "Application for Order to Show Cause" (D-350), and the Government's response in opposition (D-353).

Defendant Spann pled guilty pursuant to a written plea agreement to Counts One, Two and Three of the Indictment charging conspiracy to possess with the intent to distribute five (5) kilograms of more of a mixture of substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii) and 846, conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846, and possession with the intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii). At his sentencing hearing on October 11, 2012, the Court granted the Government's motion for a four-level reduction in Defendant's offense level based on Defendant's substantial assistance. The Court also granted the Defendant's request for an additional two-

level reduction. The Court sentenced Defendant to a term of imprisonment of 169 months.

Defendant seeks a further sentence reduction pursuant to Fed.R.Crim.P. 35(b). Defendant states that he has assisted law enforcement with a murder investigation as well as a shooting investigation. In support of his claims, Defendant submits a letter from Detective David Wawrzynski of the Saint Petersburg Police Department. Detective Wawrzynski states that Defendant provided names of individuals he believed were involved in the murder and provided the name of the individual he felt was responsible for the shooting.

Defendant argues that despite his substantial assistance, the Government has refused to file a Rule 35(b) motion. He argues that the Government's refusal is based on Defendant's race. He claims that are at least eight other African American inmates at FCC Coleman who have assisted the Government but have not had a Rule 35(b) motion filed on their behalves.

The Government responds that the plea agreement provided that the determination of substantial assistance "rests solely with the United States Attorney for the Middle District of Florida and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal ,collateral attack, or otherwise." (D-201, p. 6, ¶ 8.) It further argues that Defendant's information has not led to the arrest, capture, or prosecution of anyone involved in either of the two crimes and therefore is not

substantial at this point for purposes of a Rule 35(b) motion. The Government continues that Defendant's claim of an unconstitutional motive is conclusory and, furthermore, belied by the fact that it filed an Amended Notice reducing his mandatory imprisonment time from life to 20 years and previously filed a substantial assistance motion on Defendant's behalf.

Rule 35(b)(2)(A) states that, more than one year after sentencing, the court may reduce a defendant's sentence upon a motion by the government that defendant provided substantial assistance that involved information not known to the defendant until one year or more after sentencing. "[T]he government has 'a power, not a duty, to file a motion when a defendant has substantially assisted.'" United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (citing United States v. Forney, 9 F.3d 1492, 1500 (11th Cir.1993) (quoting Wade v. United States, 504 U.S. 181, 185, 112 S.Ct. 1840, 1843, 118 L.Ed.2d 524 (1992)). As such, unless the Government files a motion, the court cannot grant a downward departure based on substantial assistance. Id.

The Supreme Court in Wade held that "federal district courts have authority to review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive, such as race or religion." 504 U.S. at 185-86. A mere claim that a defendant provided substantial assistance or generalized allegations of an improper motive are insufficient, however. Id. at 186.

"[J]udicial review is appropriate only when there is an allegation *and* a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation." Dorsey, 554 F.3d at 961 (citation omitted). Absent a "substantial threshold showing," the defendant has no right to relief, discovery or an evidentiary hearing. Wade, 504 U.S. at 186.

Defendant has not demonstrated either a contractual obligation on behalf of the Government to file a Rule 35 motion or any breach of an agreement. The plea agreement gave the Government the absolute discretion to file a Rule 35(b) motion. Where the plea agreement provides the it is within the Government's sole discretion to file a motion relating to substantial assistance, "the government does not breach the agreement by failing to file such a motion and the district court has no jurisdiction to review the claim of breach." United States v. Morales, 2007 WL 2363816, at *2 (11th Cir. 2007) (citing Forney, 9 F.3d at 1500-02 & n. 2).

Moreover, Defendant has not made a substantial showing that the Government's failure to file a Rule 35 motion is based on an unconstitutional motive. Finally, Defendant has not made a substantial showing that the Government's failure to file a Rule 35 motion is not rationally related to a legitimate government end.

IT IS therefore ORDERED that:

1) Defendant's motion styled "Application for Order to Show

Cause" (D-350) is DENIED.

    DONE AND ORDERED in Tampa, Florida, this 19th day of December, 2014.

                                     _____
                                     WILLIAM J. CASTAGNA
                                     SENIOR UNITED STATES DISTRICT JUDGE